IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRANSTON L. ERBY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEONARD P. BENNING, et al. )<br>)<br>Defendants. ) | Civil Action No. 04-215<br>JUDGE TERRENCE McVERRY<br>MAGISTRATE JUDGE LENIHAN |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that defendants' motion to dismiss (Docket #27) be granted, and that plaintiff's motions to substitute a party (Docket #34) and to stay and to disqualify opposing counsel (Docket #35) be denied.

### II. REPORT

Plaintiff, Cranston Erby, filed this civil rights case on February 13, 2004. Erby is presently incarcerated at the State Correctional Institution at Waymart, Pennsylvania. It is alleged that defendants, including Pennsylvania Department of Corrections employees, the Pennsylvania Attorney General, the Attorney General of the United States, the Director of the Central Intelligence Agency, etc., have, since the attacks of September 11, 2001, conspired to take various actions against Erby due to his Muslim faith (Docket #3). Specifically, Erby alleges that, beginning in June, 2002, he was placed in certain cell blocks within the prison with "inmate snitches/agents" in an effort to "force plaintiff to incriminate himself in the events of 9/11/01 . . .." (Id.). Defendants are also alleged to have begun filing retaliatory misconduct charges against Erby in January, 2004 (Id.). Erby indicates in his

complaint that he did not present any of these facts through the prison grievance procedure (Id., ¶V(B)). He asserts, however, that his claims, which concern a conspiracy and retaliation for the exercise of constitutional rights, "are clearly outside the scope of the grievance procedure." (Id., ¶V(D)).

Defendants have moved to dismiss the complaint (Docket #27) and have filed a brief in support of that motion (Docket #28). It is asserted that Erby has conceded the lack of exhaustion of administrative remedies, thereby depriving this court of jurisdiction. Erby responded to the motion (Docket #33), arguing that he should excused from exhaustion for reasons addressed below. Erby has also filed a letter motion (Docket #34) in which he seeks to substitute party defendants, and seeks in a separate motion to stay these proceedings pending exhaustion of administrative remedies, and to disqualify opposing counsel (Docket #35). These motions are now ripe for disposition.

### A.     Legal Standard.

The plaintiff seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

A motion to dismiss pursuant to Rule 12(b)(6) cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with

the allegation." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end, but whether he should be entitled to offer evidence to support his claim. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Hishon</u>, 467 U.S. at 73 (1984).

Further, where a plaintiff is proceeding <u>pro se</u>, the standard differs slightly. A <u>pro se</u> complaint, "however inartfully pleaded," is subject to more liberal review than a district court's review of pleadings prepared by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In liberally construing a pro se plaintiff's pleadings, we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." <u>Higgins v. Beyer</u>, 293 F.3d 683, 687 (3d Cir.2002). This more liberal standard of construction means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines</u>, 404 U.S. at 520-21.

### B. Exhaustion of Administrative Remedies.

#### 1. Applicable law.

The applicable and mandatory exhaustion requirement which Congress enacted in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996) reads as follows:

>  (a) Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>.

42 U.S.C.A. § 1997e(a) (emphasis added). Before filing a civil action, a plaintiff-inmate must exhaust his administrative remedies, and this is true even if the ultimate relief sought is not available through the administrative process. See <u>Booth v. Churner</u>, 206 F.3d 289, 300 (3d Cir.2000), <u>cert. granted</u>, 531 U.S. 956 (2000), <u>aff'd</u>, 121 S.Ct. 1819 (2001). There is no "futility" exception to the administrative exhaustion requirement. <u>Ahmed v. Dragovich</u>, 297 F.3d 201, 206 (3d Cir. 2002)(<u>citing</u> <u>Nyhuis v. Reno</u>, 204 F.3d 65, 78 (3d Cir. 2000). Further, the Third Circuit has reaffirmed the vigor with which the exhaustion requirement §1997e(a) must be applied. It is not enough for a prisoner to establish "there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal)...." <u>Spruill v. Gillis</u>, 372 F.3d 218, 227-28 (3d Cir.2004). Rather, the <u>Spruill</u> court made plain that §1997e(a) requires an inmate to "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." <u>Id</u>. In short, "it is beyond the power of this court--or any other--to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." <u>Nyhuis</u>, <u>supra</u>, 204 F.3d at 73 (quotation omitted).

The <u>Spruill</u> court also explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. 372 F.3d at 228-229 (3d Cir. 2004). The Court explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component.

> Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231. Therefore, if a prisoner has failed to pursue a grievance through the final stage of review, and he would now be barred under the prison's policy from again presenting his claim, then he has procedurally defaulted his claim for purposes of §1997(e)(a).

### 2. Analysis

The complaint in this case clearly states that plaintiff has not presented the instant facts through the available grievance process at the prison (Docket #3, ¶V(B)). Defendants assert, therefore, that plaintiff's claims have not been exhausted through the Department of Corrections' (DOC) grievance procedure, and that this requires the court to dismiss plaintiff's claims for failure to exhaust, or on the basis that they are now procedurally defaulted under the DOC's procedure.

The Pennsylvania DOC Consolidated Inmate Review System provides for three levels of administrative review of inmate grievances: the initial grievance submitted to the Facility Grievance Coordinator, an intermediate level of appeal to the Facility Manager, and a final level of appeal to the Secretary's Office of Inmate Grievances and Appeals. Commonwealth of Pennsylvania, Department

of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 § VI. See also Booth v. Churner, 206 F.3d 289, 293 n. 2 (3d Cir.2000) (outlining the grievance review process). Again, in the Third Circuit, the exhaustion requirement of § 1997e(a) is not satisfied simply "whenever there is no further process available to the inmate within the grievance system (which would happen if, say, an inmate fails to file an administrative appeal)...." Spruill, 372 F.3d at 227-28. Rather, §1997e(a) requires that an inmate "avail[ ] himself of every process at every turn (which would require all appeals to be timely pursued, etc.)." Id.

In response to the motion to dismiss, plaintiff makes two arguments. First, he asserts that "inmate disciplinary, Restrictive Housing Unit (R.H.U.) and Administrative Custody issues" are, pursuant to DOC regulations, not reviewed by the Facility Grievance Coordinator. Indeed, DOC regulations provide for other avenues of appeal from Inmate Discipline and Administrative Custody proceedings. Commonwealth of Pennsylvania, Department of Corrections, Consolidated Inmate Grievance Review System, Policy No. DC-ADM 804 §VI(H)(indicating the review of Inmate Discipline is governed by DC-ADM 801, and Administrative Custody by DC-ADM 802). Thus, plaintiff's argument does not excuse his failure to exhaust. Any of his claims which address inmate discipline or administrative custody should have been pursued through the administrative procedures available under DC-ADM 801 and 802, respectively.

Second, plaintiff argues that he need not exhaust claims which involve a conspiracy among "officials at the highest levels of the federal and state governments" since such a conspiracy would be beyond the scope of available administrative remedies. While plaintiff's allegations of conspiracy are wide-ranging, the asserted effect of that conspiracy is that plaintiff was harassed within

the prison, and that retaliatory measures were imposed by prison officials. Thus, plaintiff's claims involve "prison life" which is clearly the focus of §1997e's exhaustion requirement. See, Porter v. Nussle, 534 U.S. 516, 532 (2002)(allegation of sustained pattern of harassment and intimidation of plaintiff must be pursued through grievance procedure).

Accordingly, all of plaintiff's claims should have been presented to the prison authorities pursuant to available administrative remedies. Plaintiff readily concedes that none of his claims were so presented[1]. Those claims may not be reviewed by this court.

### 3. Plaintiff's motions.

Plaintiff has failed to identify a single claim as to which administrative remedies have been exhausted. This defect exists regardless of any change in named defendants. Thus, his motion seeking to substitute parties (Docket #34) is moot, since no properly exhausted claim exists.

Also, plaintiff's motion seeking to disqualify the Attorney General (Docket #35) is entirely baseless, and should be denied as well.

### CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that defendants' motion to dismiss (Docket #27) be granted, and that plaintiff's motions to substitute a party (Docket #34) and to stay and to disqualify opposing counsel (Docket #35) be denied.

---

[1] See, e.g., Ray v. Kertes, 285 F.3d 287, 295 footnote 8 (3d Cir. 2002)(failure to exhaust may be raised in motion to dismiss in appropriate case).

In accordance with the Magistrate's Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2005

cc:   Cranston Erby, EC-1339
      SCI Waymart
      P.O. Box 256
      Waymart, PA 18472

      Thomas G. Eddy, Esquire
      Office of the Attorney General
      564 Forbes Avenue
      6th Floor, Manor Complex
      Pittsburgh, PA 15219

- 8 -